IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHOLAS HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:19-cv-982-ALB-WC |
| | ) | |
| HOUSTON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff initiated this 42 U.S.C. § 1983 action challenging conditions at the Houston County Jail. Upon receipt of this case, the court entered an order requiring Plaintiff to submit an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* or pay the requisite filing/administrative fees. Doc. 3. The Clerk mailed a copy of this order to Plaintiff at the last address he provided for service.[1] The postal service returned this order as undeliverable because Plaintiff no longer resided at this address.

Based on the returned mail, the court entered an order requiring Plaintiff to inform the court of his current address on or before January 21, 2020. Doc. 4. This order specifically cautioned Plaintiff that "[i]f [he] fails to respond to this order, the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 4. As of the present date, the court has received no response from Plaintiff to the aforementioned order nor has Plaintiff provided

---
[1] The last address provided by Plaintiff is the Houston County Jail.

the court with an address where he may be served as is necessary to proceed in this case. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the administration of this case cannot properly proceed in Plaintiff's absence. It likewise appears that Plaintiff is no longer interested in the prosecution of this case as he has not made his whereabouts known to the court. Finally, under the circumstances of this case, the court finds that any additional effort by this court to secure Plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to provide the court with a current address. On or before **February 10, 2020**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of January, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE